```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/30/2010
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHEREEN BOBROWSKY,

               Petitioner-Defendant,

-against-

PEOPLE OF THE STATE OF NEW YORK,

               Respondent-Plaintiff.
------------------------------------------------------------X

ORDER

10 Civ. 7260 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    By Order dated September 21, 2010, the Court denied Petitioner's request to remove this action from the City of Yonkers Criminal Court, pursuant to 28 U.S.C. § 1446(a), and remanded the action back to the state court. On December 9, 2010, Petitioner submitted a letter to the Court seeking an emergency oral argument to discuss the ramifications of the Court's decision to remand her criminal case to the state court. Petitioner also seeks an answer from the Court to a motion she purportedly submitted on October 18, 2010, which is not reflected on the Court's docket. As Petitioner seeks to set aside the Court's September 21, 2010 Order and Judgment dismissing the Petition and remanding the action to state court, the Court liberally construes Petitioner's submission as a Motion for Reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

    Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

ORDER MAILED BY PRO SE OFFICE ON 12/30/2010

Despite granting Petitioner's Motion the liberal interpretation that it is due, Petitioner has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) applies. Although Petitioner alleges lack of due process in her criminal proceedings before the City of Yonkers Criminal Court, she fails to allege that she is being denied a right arising under a federal law relating to racial equality as required for removal of a criminal case from state court. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975). As nothing in Petitioner's Motion justifies the setting aside of this Court's Order or Judgment, to the extent Petitioner seeks relief under any of the first five clauses of Fed. R. Civ. P. 60(b), Petitioner's Motion is denied.

To the extent Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), Petitioner's Motion is also denied. With respect to such motions, the movant must first demonstrate that, but for the one-year time limitation, he or she could not have sought relief under the first five grounds of Rule 60(b). See United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009). In addition, the movant must show that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Petitioner has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). See Ackermann v. United States, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Petitioner's submission, construed as Motion for Reconsideration, is denied. Petitioner is directed to submit all requests for relief in this matter to the City of Yonkers Criminal Court. All other submissions in this matter, including the October 18, 2010 motion that Petitioner refers to, are dismissed as moot. The Clerk of Court is directed to accept no further submissions under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: DEC 30 2010
New York, New York